**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHAEL JAMES ROSS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **20TH DISTRICT ATTORNEY** | § | **A-25-CV-1627-ADA-ML** |
| **RHIANNON GOMES, AMIRA D. FOX** | § | |
| **(FLORIDA STATE ATTORNEY),** | § | |
| **NICOLE N. SANTINI (FLORIDA** | § | |
| **ASSISTANT STATE ATTORNEY),** | § | |
| **Defendants.** | | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

Before the court are Defendants Amira D. Fox and Nicole N. Santini's Motion to Dismiss (Dkt. 9) and Plaintiff's Response (Dkt. 10).[1] Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) (subject matter jurisdiction), 12(b)(2) (personal jurisdiction), 12(b)(3) (improper venue), and 12(b)(6) (failure to state a claim). After considering the briefing and the applicable law, and determining that a hearing is not necessary, the undersigned recommends the following to the District Judge.

**I.    BACKGROUND**

Plaintiff Michael James Ross brings this suit pro se, having paid the filing fee. Dkt. 1. He brings claims under section 1983 stating that he was arrested in Florida as a felon in possession of a firearm. Dkt. 1 at 3. He contends he was never a felon and the weapon in question was an air

---

[1] United States District Judge Alan D Albright referred motions in this case to the undersigned for disposition or report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Standing Order dated Feb. 27, 2025.

rifle. *Id*. He asserts various Constitutional rights were violated, including his 1st, 2nd, 4th, 8th amendment rights. *Id*. He alleges audio and video of his arrest were tampered with. *Id*. at 5, 14. He further pleads "the authorities then lied and changed the amount of cannabis I had multiple times." *Id*. at 8. He also asserts his arrest and detention were illegal and he refers to a "mistrial," by which he appears to mean that any trial was not proper. He states the prosecutors lied in court. *Id*. at 8-9. Ross repeats these allegations over and over, in a single-spaced Complaint. Dkt. 1.

He seeks $7 million in damages and further alleges:

The police have stolen money I wanted to use on fixing my teeth, I have had to put off fixing my teeth and hip until the authorities give me my stolen research funds back. I have had to sell my 3.25 acre property in downtown Austin, I was going to turn the land into apartments. I have lost millions of dollars I was going to earn from investing this money into my business. I have lost millions of dollars because the authorities refuse to give me back my laptops with priceless science, medical and COVID research.

*Id*. at 5.

Ross attached various state-court documents and police reports to his Complaint. See Dkt. 1-2, 1-3. These indicate some charges were dropped, including the felon in possession of a weapon or ammunition charge. *Id*. at 4. The police reports indicated officers approached his car and smelled marijuana when Ross rolled down his window. Dkt. 1-3 at 1. They further indicate over a pound of marijuana was found in his vehicle along with 9-millimeter hollow point ammunition, one air rifle, and other drug-related items. *Id*.

Defendants are the Florida prosecutors associated with his case. Defendant Gomes has not been served. Dkt. 6. Defendants Fox and Santini ("Defendants") move to dismiss Ross's claims against them for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim. For all the reasons stated in their motion, the undersigned recommends the motion be granted.

**II.    SUBJECT MATTER JURISDICTION**

Defendants assert they are entitled to Florida's Eleventh Amendment immunity. The Fifth Circuit employs a six-factor test to determine whether a government official is entitled to Eleventh Amendment immunity:

(1) Whether the state statutes and case law view the agency as an arm of the state;
(2) The source of the entity's funding;
(3) The entity's degree of local autonomy;
(4) Whether the entity is concerned primarily with local as opposed to statewide problems;
(5) Whether the entity has the authority to sue and be sued in its own name; and
(6) Whether the entity has the right to hold and use property.

*Hudson v. City of New Orleans,* 174 F.3d 677, 681 (5th Cir. 1999). The second factor is the most important. *Id*. at 682.

In Florida, suit against the State Prosecutor and the Assistant State Attorney in their *official* capacities is the equivalent of a suit against the State of Florida, the attorneys' employer. *Williams v. Fla.*, No. 1:23CV16-AW-HTC, 2023 WL 2760437, at *2 (N.D. Fla. Feb. 23, 2023), *report and recommendation adopted*, No. 1:23-CV-16-AW-HTC, 2023 WL 2761294 (N.D. Fla. Apr. 3, 2023) (citing *Farred v. Hicks*, 915 F.2d 1530 (11th Cir. 1990)). Florida's state attorneys' offices are primarily funded by state revenues. *See* Art. V, § 14, Fla. Const. Florida's Attorney General provides general oversight and direction for the State of Florida's twenty state attorneys. *See* Fla. Stat. § 16.08. The State Attorney of each Judicial Circuit is "the prosecuting officer of all trial courts in that circuit." *See* Art. V, § 17, Fla. Const. (Current). The State Attorney is required to "prosecute or defend *on behalf of the state* all suits … *in which the state is a party*" that are filed in the Judicial Circuit to which they are assigned. Fla. Stat. § 27.02 (emphasis added). Accordingly, applying the *Hudson* factors, Defendants are entitled to Florida's Eleventh Amendment immunity.

Additionally, even if Plaintiff were to amend the complaint to sue Defendants in their individual capacities, such claims would nonetheless be barred. It is well established that a prosecutor enjoys "absolute immunity from . . . 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).

## III. *HECK* ISSUES

Defendants also point out that Ross pleaded no contest to the criminal charges against him. Dkt. 9 n.6. As such, Ross's claims present a *Heck* issue. *See id.* at 2 (raising the issue).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,[] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Accordingly, Ross's claims are not cognizable under section 1983.

## IV. PERSONAL JURISDICTION

When the court rules on personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242 (5th Cir. 2008). "The district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a *prima facie* case for jurisdiction has been made. Rather, the district court may consider the contents of the record at the time of the motion . . . ." *Sangha*, 882 F.3d at 101. The court shall accept as true the non-conclusory uncontroverted allegations of the party seeking to assert jurisdiction and

resolve all factual conflicts in favor of the party seeking to invoke the court's jurisdiction. *Cent. Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for [personal] jurisdiction has been presented." *Sangha*, 882 F.3d at 101.

Personal jurisdiction exists if the state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id.* Due process requires that the defendant have "minimum contacts" with the forum state (*i.e.*, that the defendant has purposely availed himself of the privilege of conducting activities within the forum state) and that exercising jurisdiction is consistent with "traditional notions of fair play and substantial justice." *Id.* (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

"Minimum contacts" can give rise to either specific jurisdiction or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). The contacts must be the defendant's own choice and not "random, isolated, or fortuitous." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). Once a plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair and unreasonable. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

Specific jurisdiction exists when the defendant's contacts with the forum "arise from, or are directly related to, the cause of action." *Lewis*, 252 F.3d at 358. Thus, a plaintiff must establish that his cause of action arises out of the defendant purposely "direct[ing] its activities toward the forum state or purposely avail[ing] itself of the privileges of conducting activities there" before

the burden shifts to the defendant to show "whether the exercise of personal jurisdiction is fair and reasonable." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

Defendants are Florida prosecutors, and the claims at issue arise out of Ross's arrest and trial in Florida. No events related to Ross's claims took place in Texas. Ross describes no act that Defendants committed in Texas or directed to Texas.

Accordingly, the court does not have personal jurisdiction over Defendants.

## IV.   VENUE

A party may assert the defense of improper venue by motion to dismiss. FED. R. CIV. P. 12(b)(3). "Once a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper." *Zurich Am. Ins. Co. v. Tejas Concrete & Materials, Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013). "[A] plaintiff may show that venue is proper by setting forth facts that taken as true would establish venue." *Id*.

Because Section 1983 does not contain a venue provision, proper venue for this lawsuit is determined by the general venue provision of 28 U.S.C. § 1391(b). *See Scott v. Haines*, No. SA-22-cv-00327-OLG, 2022 WL 2183083, at *1 (W.D. Tex. May 17, 2022); 42 U.S.C. § 1983; 28 U.S.C. § 1391(b) (the general venue statute).

There is no indication in the facts of why this case was filed in the Western District of Texas. None of the complained-of acts occurred here, and no defendant is located here.

Ross argues he should be allowed to bring suit here because the families of the Sandy Hook victims were able to sue Alex Jones in Texas. Dkt. 10. That case is easily distinguishable as the defendant in that case—Alex Jones—was located in Texas. That is not the situation here.

Accordingly, venue is not proper in this district.

**V.   DEFENDANT RHIANNON GOMES**

Ross filed this suit on October 8, 2025. Dkt. 1. Defendant Rhiannon Gomes has not been served in this case. Dkt. 6.

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

FED. R. CIV. P. 4(m). The 90-day period for service expired on Tuesday, January 6, 2026. Accordingly, the claims against Gomes should be dismissed. For the reasons given above, allowing Ross additional time to serve Gomes would be futile.

**VI.   CONCLUSION**

This is one of several suits Ross has brought in this District relating to his Florida arrest and conviction. *See Ross v. Pittman*, 1:25-CV-464-RP (W.D. Tex.) (suing media outlets for coverage of the arrest; dismissed for lack of diversity jurisdiction); *Ross v. Luna*, 1:25-CV-466 RP (W.D. Tex.) (suing police officers, a judge, and Gomes; complaint dismissed for want of prosecution); *Ross v. Farinella*, 1:25-CV1072-ADA-SH (W.D. Tex.) (suing police officer and police chief; dismissed for want of prosecution); *Ross v. Luna*, 1:25-CV-1776-RP (W.D. Tex.) (suing police officer, police chief, and chief sheriff; motion to dismiss pending). He paid the filing fee in all five cases, including this one.

For the reasons given above, the court lacks jurisdiction over Ross's claims against these Defendants and Ross's claims against all the Defendants should be dismissed. Further, for the reasons given above, Ross should not be allowed the opportunity to amend his claims against these Defendants as any amendment would be futile.

## VII.    RECOMMENDATIONS

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Defendants Amira D. Fox and Nicole N. Santini's Motion to Dismiss (Dkt. 9) be **GRANTED** and the claims against them be **DISMISSED WITHOUT PREJUDICE**.

Additionally, the undersigned **RECOMMENDS** that the claims against Defendant Rhiannon Gomes be **DISMISSED WITHOUT PREJUDICE**.

As that disposes of all Defendants in this case, the undersigned **RECOMMENDS** that this case be **CLOSED**.  The referral to the Magistrate Judge should now be **CANCELED**.

## VIII.    OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

 A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED March 9, 2026.    _____

MARK LANE
UNITED STATES MAGISTRATE JUDGE